IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RACHAEL C. SNIDER,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware corporation;<br><br>Defendant. | **8:24CV356**<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on the parties' motions in limine. Filing No. 118; Filing No. 121; Filing No. 123. For the reasons set forth herein, the motions are denied in part and granted in part.

## I. BACKGROUND[1]

Plaintiff, Rachael Snider, was working as a conductor for Defendant, Union Pacific Railroad Company, when she slipped descending a locomotive's stairs. She alleges her fall was caused by the stair's poor condition, namely, missing grip tape. She filed suit under FELA alleging she suffered back injuries that caused her to incur medical expenses and lose wages. She asserts two theories of FELA liability: general negligence under FELA and per se negligence via violation of a safety statute. Union Pacific counters that Plaintiff's own negligence was the sole cause of her injury. Alternatively, Union Pacific contends Snider's damages must be diminished because she failed to mitigate her damages and/or was contributorily negligent.

The Court has resolved summary judgment and *Daubert* motions. Filing No. 113. The matter is set to proceed to a jury trial commencing August 24, 2026.

[1] Additional background can be found in the Court's order on summary judgment, Filing No. 113.

## II. ANALYSIS

### A. Standard of Review

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child & Fam. Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.*

Courts are guided by Federal Rules of Evidence 401 and 403 in resolving these motions. A court must evaluate whether the proposed evidence is relevant in that it has "any tendency to make a fact more or less probable than it would be without the evidence" and whether "the fact is of consequence in determining the action." Fed. R. Evid. 401. Even if the evidence is relevant, a court may preclude it if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### B. Defendant's Motion to Exclude Evidence of Other Accidents and Injuries

Union Pacific first moves to exclude evidence of five claims of injury by other employees occurring on interior locomotive steps at various locations between 2019 and 2021. Filing No. 122 at 1. It argues this evidence is not substantially similar to Snider's

fall, and is therefore irrelevant and unduly prejudicial. Snider argues the "substantially similar" standard should not apply because she intends to use such evidence only to demonstrate foreseeability or to discredit Defendant's expert, not to prove a specific defect of the locomotive on which she slipped. She also argues that she can prove the incidents are substantially similar at trial.

The Court finds the standard for admissibility of other accidents is whether the circumstances are substantially similar to those in the present case. *See Hale v. Firestone Tire & Rubber Co.*, 756 F.2d 1322, 1332 (8th Cir. 1985) ("Evidence of prior accidents is admissible only if the proponent of the evidence shows that the accidents occurred under circumstances substantially similar to those at issue in the case at bar."). Plaintiff's argument that a different standard applies for foreseeability evidence is not supported by the case law.

Here, it does not appear at first blush the five other accidents Snider seeks to introduce occurred under substantially similar circumstances to her fall. *See* Filing No. 126-1 at 1 (Plaintiff's proposed trial exhibit). For example, one of the instances is described as "[e]mployee was descending the front interior steps of UP7519 and stepped on a knuckle pin causing him to roll his right ankle." Filing No. 126-1 at 1. Here, there was no allegation Snider stepped on any object or protrusion like a knuckle pin. However, the remaining four descriptions are vague and scant enough (e.g., "Slipped on interior stairs of locomotive.") that they could potentially be substantially similar to Snider's fall, if Snider is able to provide additional facts. Accordingly, the Court will grant Union Pacific's motion as to the August 24, 2021, incident involving a slip on a knuckle pin, but will defer ruling on the remaining four accidents until trial. It cautions Snider that the remaining four

accidents will not be admissible if she cannot lay additional foundation establishing their substantial similarity to her fall.

**C. Defendant's Motion to Exclude Evidence and Testimony Related to Snider's Future Wage Loss**

Union Pacific next moves to exclude evidence and testimony related to Snider's purported future wage loss. It argues since Snider is still undergoing treatment and has not reached maximum medical improvement, any such testimony is purely speculative.

The Court disagrees that the unknown nature of future damages renders such evidence inadmissible. Rather, this goes to the weight the jury may choose to give this testimony and how it may ultimately decide to award damages, if any. Union Pacific is certainly free to cross-examine any witness testifying as to future damages by asking about the unknown aspects of Plaintiff's ongoing treatment and condition. Accordingly, its motion to exclude this evidence is denied.

**D. Plaintiff's Violation of the Court's Order**

Before turning to Plaintiffs' motions, the Court notes that its trial setting order limited each side to no more than five motions in limine, absent leave of the Court. Filing No. 52 at 2. Snider couches her motions in limine under five headings, but in reality they number nine or more when accounting for all sub-arguments. She did not seek the Court's leave to file additional motions in limine. The violation of the Court's order alone would be reason enough to deny Snider's excessive motions outright. Nevertheless, the Court also rules on the motions on the merits as set forth below.

**E. Plaintiff's Motion to Exclude Unsupported/Unhelpful Testimony**

Snider first seeks to exclude what she calls “unsupported/unhelpful” testimony, specifically that from Edward Adelman, Jeffrey Broker, Julie Bose, and Jeremy Swartz. She argues Adelman and Broker’s testimony must be excluded to the extent they assert Snider could have used a grab bar by the stairs to prevent her fall because the grab bar was too low to be of assistance. Snider also anticipates these witnesses will testify beyond their previous depositions/reports. As to Bose, the vocational rehabilitation expert, Snider argues her testimony about alternate jobs is unsupported and speculative. Lastly, as to Swartz, Snider argues he was only timely disclosed as a fact witness, not an expert witness.

The Court notes it already ruled on a *Daubert* motion with respect to Dr. Broker that addresses some of Plaintiff’s concerns. The Court will of course enforce its ruling should Dr. Broker stray and Snider lodge a proper objection; Plaintiff need not file superfluous motions asking the Court to follow its own orders. As to Snider’s allegations about Adelman and Dr. Broker’s testimony being unsupported because the grab bar was too low, this is a fact question for the jury to resolve, not a reason to preclude testimony in limine. To the extent Plaintiff anticipates these witnesses will testify outside the scope of their previous reports and depositions, the Court cannot rule on a hypothetical motion, and Plaintiff is instead free to raise an objection at trial should she believe this to be the case.

As to Bose, the Court finds she may testify in accordance with her report and addendum concerning positions consistent with Plaintiff’s skills and residual functional capacity. Should Plaintiff believe this testimony is ultimately insufficient so support a

failure-to-mitigate defense, she is free to argue that the jury should not be instructed on this defense. This is not a reason to exclude evidence prior to the trial.

Lastly, as to Swartz, the Court finds that even if his disclosure as a non-retained expert as opposed to a fact witness was untimely, it is harmless to Snider because she had the opportunity to fully dispose him and Union Pacific asserts his opinion testimony will "align with his deposition testimony." Filing No. 132 at 8; Fed. R. Civ. P. 37(c)(1) (Court may excuse untimely disclosure if it is harmless). Should Plaintiff find Swartz's testimony veers into new areas at trial, she may re-lodge her objection at that time.

**F. Plaintiff's Motion to Exclude Unsupported Alternative Cause Arguments**

Snider next asks the Court to prohibit Union Pacific from introducing evidence regarding a car crash she was involved in days before her fall on the train. Snider argues the car crash is irrelevant because Union Pacific's medical expert does not discuss it.

Snider is mistaken that Union Pacific is required to provide an expert opinion to make its alternative-cause argument admissible evidence. Union Pacific points out that Snider did not disclose the car accident until after its medical expert had provided the report, meaning its absence in the report does not demonstrate the expert found it irrelevant. The burden of proof for causation is on Plaintiff, and Defendant is permitted to test causation with evidence of other incidents. Plaintiff's motion in this regard is denied.

**G. Plaintiff's Motion to Exclude Evidence of Rule Violations, Employee Empowerment, and Assumption of the Risk**

Snider next moves to exclude evidence of rule violations, employee empowerment, and assumption of the risk. She argues that evidence she did not

comply with Union Pacific rules (such as by not using a handhold or failing to stop work if she believed the stairs were unsafe) is an inadmissible assumption of the risk argument.

Snider is correct that under FELA, there is no affirmative defense of assumption of the risk. 45 U.S.C. § 54. However, the evidence of Snider's failure to follow rules is for contributory negligence purposes, which Union Pacific recognizes does not diminish its liability but may play a role in apportioning damages on her FELA general negligence claim. 45 U.S.C. § 53 ([T]he fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee."). The Court will also properly instruct the jury regarding these legal concepts. Accordingly, there is no basis to exclude this evidence.

### H. Plaintiff's Motion to Exclude Evidence of the ADA and Accommodations

Snider moves to exclude all evidence relating to accommodations under the Americans with Disabilities Act or other possible accommodations Union Pacific says it could have made but did not actually offer. Union Pacific counters that evidence of alternative positions Snider could have worked is relevant to her alleged lost future wages and its failure-to-mitigate defense.

The Court acknowledges that the ADA cannot limit Snider's rights or recovery under the FELA. *See* 42 U.S.C. § 12201 (ADA anti-preemption provision). To that extent, references to the ADA statutory framework and the use of terminology specific to the ADA itself are more confusing than helpful to a jury. It would be inappropriate to allow such evidence to escalate to a mini-trial on ADA failure to accommodate when no such

cause of action has been pled. But the availability of work that Snider could have performed but chose not to pursue is relevant to her future lost earnings claim and Union Pacific's argument she failed to mitigate her damages. In particular, Union Pacific asserts its evidence will show that it has not formally offered Snider alternate positions only because Snider has refused to engage with it or seek any accommodation. Accordingly, this evidence is relevant and admissible.

**I. Plaintiff's Motion to Exclude Evidence of Retirement Eligibility**

Lastly, Snider moves to exclude evidence of her Railroad Retirement Board benefits. The Court agrees that the collateral-source rule generally makes a plaintiff's receipt of RRB benefits irrelevant. *See Clark v. Burlington N., Inc.*, 726 F.2d 448, 451 (8th Cir. 1984). Union Pacific agrees with this concept and states it will only attempt to introduce evidence of RRB benefits if Snider first puts them at issue or opens the door. The Court cannot speculate as to what those circumstances and specific evidence might be. Accordingly, the Court denies the motion without prejudice to Plaintiff renewing it should this issue arise at trial.

Accordingly,

IT IS ORDERED:

1. Defendant's first Motion in Limine, Filing No. 121, is granted in part as set forth herein and denied in part without prejudice to reassertion at trial;
2. Defendant's second Motion in Limine, Filing No. 123, is denied;
3. Plaintiff's Motion in Limine, Filing No. 118, is denied without prejudice to reassertion of certain objections at trial as stated herein.

Dated this 20th day of August, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge