IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RACHAEL C. SNIDER,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware corporation;<br><br>Defendant. | **8:24CV356**<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on the parties' deposition designations, counter-designations, and objections thereto as to Kimberlee Foye, Filing No. 148, and Ed Adelman, Filing No. 145. The Court rules on the objections as set forth herein.

**A. Deposition of Kimberlee Foye**

*1. Defendant's Objections*

The Court sustains Defendant's objection to page 15, lines 20 through 25, under Federal Rule of Evidence 602 as there is not sufficient evidence the witness has personal knowledge of what another employee, Bridgette Ziemer, decided.

The Court sustains Defendant's objection to page 19, lines 11-18 as incomplete under Federal Rule of Evidence 106. However, the Court accepts Defendant's counter-designations of page 19, lines 18-19 and 21-25 in lieu of exclusion. Thus, both parties' designations on page 19 are admissible.

The Court sustains Defendant's objection to page 23, lines 1-7 and 11-12 as incomplete under Federal Rule of Evidence 106. However, the Court accepts Defendant's counter-designations of page 23, lines 7-10 and 13-15 in lieu of exclusion.

The Court overrules Plaintiff's objection to Defendant's counter-designations. Thus, both parties' designations on page 23 are admissible.

The Court grants Defendant's objections to page 25, lines 23-25, and page 26, lines 1-22 under Federal Rule of Evidence 401. It is irrelevant that the witness has previously testified for Defendant in other FELA and ADA suits. *See, e.g.*, *Argenyi v. Creighton Univ.*, No. 8:09CV341, 2013 WL 4434424, at *6 (D. Neb. Aug. 14, 2013) ("Testimony or other evidence regarding other lawsuits or complaints against a defendant is generally irrelevant; and, if relevant, is likely to confuse or mislead the jury or create undue prejudice."). The witness is an employee of Defendant. The number of times she has testified as part of her employment is not relevant.

The Court overrules Defendant's remaining objections to Plaintiff's deposition designations as to Foye.

*2. Plaintiff's Objections*

The Court sustains Plaintiff's objection to Defendant's counter-designation of page 21, lines 17-22 as violative of the Court's motion-in-limine order prohibiting undue emphasis on the ADA as confusing to the jury.

The Court sustains Plaintiff's objection to Defendant's counter-designation of page 33, lines 7-25 and page 34, lines 1-9 as violative of the Court's motion-in-limine order prohibiting undue emphasis on the ADA.

The Court sustains Plaintiff's objection to Defendant's counter-designation of page 45, lines 12-20 as violative of the Court's motion-in-limine order prohibiting undue emphasis on the ADA.

The Court overrules Plaintiff's remaining objections to Defendant's counter-designations as to Foye.

**B. Deposition of Ed Adelman**

*1. Defendant's Objections*

The Court sustains Defendant's objection to page 13, line 13 as incomplete under Federal Rule of Evidence 106. However, the Court accepts Defendant's counter-designations of page 13, lines 13-15 in lieu of exclusion. The Court overrules Plaintiff's objection to Defendant's counter-designations. Thus, both parties' designations on page 13 are admissible.

The Court sustains Defendant's objection to page 15, lines 11-18 as incomplete under Federal Rule of Evidence 106. However, the Court accepts Defendant's counter-designations of page 15, lines 18-24 in lieu of exclusion. The Court overrules Plaintiff's objection to Defendant's counter-designations. Thus, both parties' designations on page 15 are admissible.

The Court sustains Defendant's objection to page 23, lines 15-19 as incomplete under Federal Rule of Evidence 106. However, the Court accepts Defendant's counter-designations of page 23, lines 19-20 in lieu of exclusion. Thus, both parties' designations on page 23 are admissible.

The Court sustains Defendant's objection to page 24, lines 4-8 as incomplete under Federal Rule of Evidence 106. However, the Court accepts Defendant's counter-designations of page 24, remainder of line 8 in lieu of exclusion. Thus, both parties' designations on page 24 are admissible.

The Court sustains Defendant's objection to page 26, lines 1-4 as incomplete under Federal Rule of Evidence 106. However, the Court accepts Defendant's counter-designations of page 26, lines 5-25 in lieu of exclusion. The Court overrules Plaintiff's objection to Defendant's counter-designations. Thus, both parties' designations on page 26 are admissible.

The Court sustains Defendant's objections to page 38, lines 1-22; page 39 lines 23-25, and page 40, lines 1-2 as incomplete under Federal Rule of Evidence 106. However, the Court accepts Defendant's counter-designations of page 38, lines 22-25; page 39, lines 1-25; and page 40, lines 2-3 in lieu of exclusion. The Court overrules Plaintiff's objections to Defendant's counter-designations. Thus, both parties' designations on pages 38, 39, and 40 are admissible.

The Court overrules Defendant's remaining objections to Plaintiff's deposition designations as to Adelman.

2. *Plaintiff's Objections*

The Court overrules Plaintiff's remaining objections to Defendant's counter-designations as to Adelman.

IT IS ORDERED:

1. The parties' objections to deposition designations and counter-designations as to Kimberlee Foye and Ed Adelman are ruled on as stated herein.

Dated this 25th day of August, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge